IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
FEB 22 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07cr36-MHT |
| | ) | [21 USC § 841(a)(1); |
| JAMES JEMISON, JR. | ) | 18 USC § 924(c)(1)(A)(i)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about April 11, 2006, in Autauga County, within the Middle District of Alabama,

JAMES JEMISON, JR.,

defendant herein, did knowingly and intentionally possess with intent to distribute 5 grams or more of cocaine base or "crack," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 2

On or about April 11, 2006, in Autauga County, within the Middle District of Alabama,

JAMES JEMISON, JR.,

defendant herein, did knowingly and intentionally possess with intent to distribute cocaine hydrochloride, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3

On or about April 11, 2006, in Autauga County, within the Middle District of Alabama,

JAMES JEMISON, JR.,

defendant herein, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 4

On or about April 11, 2006, in Autauga County, within the Middle District of Alabama,

JAMES JEMISON, JR.,

defendant herein, knowingly used and carried a firearm during and in relation to, and possessed a firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a Court of the United States, to-wit: possession with intent to distribute cocaine base, cocaine hydrochloride, and marijuana as charged in Counts 1, 2, and 3 of this Indictment. All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## FORFEITURE ALLEGATION 1

A.    Counts 1 through 4 of this indictment are hereby repeated and incorporated herein by reference.

B.    Upon conviction for the violation as alleged in Counts 1 through 3 of this indictment, the defendant,

JAMES JEMISON, JR.,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained, directly or indirectly, as a result of the said violation and any and all property used or intended to be used in any manner

or part to commit and to facilitate the commission of the violation alleged in Counts 1 through 3, including but not limited to the following:

> One Thousand Seven Hundred Seventeen Dollars and zero cents ($1,717.00) in United States currency seized from JAMES JEMISON, JR. on April 11, 2006.

C.  If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

All in violation of Title 21, United States Code, Section 841.

### FORFEITURE ALLEGATION 2

A.  Counts 1 through 4 of this indictment are hereby repeated and incorporated herein by reference.

B.      Upon conviction for the violation as alleged in Count 4 of this indictment, the defendant,

JAMES JEMISON, JR.,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

A Davis Industries .32 caliber semi-automatic pistol.

C.      If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1)     cannot be located upon the exercise of due diligence;

    (2)     has been transferred, sold to, or deposited with a third person;

    (3)     has been placed beyond the jurisdiction of the court;

    (4)     has been substantially diminished in value; or,

    (5)     has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

All in violation of Title 18, United States Code, Sections 922 and 924.

A TRUE BILL:

_____
Foreperson

_____
for LEURA G. CANARY
United States Attorney

_____
JOHN T. HARMON
Assistant United States Attorney

_____
VERNE H. SPEIRS
Assistant United States Attorney